Filed 7/6/22  Periman v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| ALLEN JOHN PERIMAN, | C094401 |
| Petitioner, | (Super. Ct. No. STKCRFE20100005519) |
| v. | |
| THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

Defendant Allen John Periman petitioned for a writ of mandate or prohibition to compel the trial judge, who presided at his trial, to grant his peremptory disqualification

1

motion under Code of Civil Procedure section 170.6 (section 170.6), which he filed after this court reversed the trial judge's summary denial of his petition for resentencing under Penal Code section 1170.95. (Statutory section citations that follow are to the Penal Code.) Defendant's writ petition involves the interplay between section 170.6, which permits a party in a civil or criminal action to move to disqualify an assigned trial judge based on a simple allegation that the judge is prejudiced against the party (§ 170.6, subd. (a)(2)), and section 1170.95, which provides a procedure for persons convicted of murder, like defendant was here, to seek retroactive relief for convictions based on theories of liability that are no longer viable after Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) amended sections 188 and 189. At issue is whether a party may challenge a trial judge pursuant to section 170.6 after an appellate court reverses the trial judge's order summarily denying a resentencing petition under section 1170.95, subdivision (c), and remands the matter for further prima facie proceedings under the statute.

Given events that have occurred since defendant filed his petition for writ of mandate in this court, we do not reach the merits of defendant's claim because we conclude it is moot. Defendant has voluntarily withdrawn his underlying section 1170.95 resentencing petition. Because defendant's resentencing petition is no longer pending before the judge whom defendant sought to disqualify under section 170.6, we cannot provide him any effective relief and we decline to exercise our discretion to reach the issue. Accordingly, we dismiss defendant's petition for writ of mandate or prohibition as moot.

## FACTS AND HISTORY OF THE PROCEEDINGS

A jury found defendant guilty of second degree murder in 2012, and he was sentenced to 15 years to life in prison plus one year for a vicarious arming enhancement. The Honorable Richard M. Mallett presided at defendant's trial. This court affirmed

2

defendant's conviction and sentence on appeal in *People v. Periman* (C071812, Aug. 13, 2014 [nonpub. opn.] (*Periman I*)).

In 2019, after Senate Bill 1437 took effect (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019), defendant filed a petition for resentencing under section 1170.95. In accordance with section 1170.95, subdivision (b)(1),[1] the petition was assigned to Judge Mallett. Without appointing counsel for defendant as defendant requested, or obtaining briefing from the parties, Judge Mallett summarily denied the petition at the prima facie stage under section 1170.95, subdivision (c).

Defendant appealed and a different panel of this court reversed, finding that the trial court should not have engaged in factfinding during the initial stages of its section 1170.95, subdivision (c) review, should not have found defendant ineligible for resentencing as a matter of law, and should not have summarily denied the petition. (*People v. Periman* (C089526, Mar. 16, 2021) [nonpub. opn.] (*Periman II*).) We remanded with instructions to appoint defendant counsel and to proceed to the next stage of review under section 1170.95, subdivision (c), i.e., to determine whether defendant had made a prima facie showing that he was statutorily entitled to relief. (*Ibid.*)

Following issuance of the remittitur, Judge Mallett appointed the public defender to represent defendant on his section 1170.95 petition. The following day, defendant filed a section 170.6 motion to peremptorily disqualify Judge Mallett from further ruling on his section 1170.95 petition. Judge Mallett denied the section 170.6 motion, noting that he was the judge who presided over defendant's trial.

---

[1] Section 1170.95, subdivision (b)(1) provides in relevant part: "The petition shall be filed with the court that sentenced the petitioner . . . . If the judge that originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge shall designate another judge to rule on the petition."

Defendant timely filed a petition for writ of mandate or prohibition in this court challenging Judge Mallett's denial of his section 170.6 motion. (Code. Civ. Proc., § 170.3, subd. (d).) We initially denied the petition, and defendant filed a petition for review in the Supreme Court, which was granted. Upon transfer from the Supreme Court, we vacated our decision, and issued an order to show cause. Thereafter, real party in interest filed a written return, and defendant filed a traverse.

After briefing was complete, defendant notified this court that on February 22, 2022, he had withdrawn his section 1170.95 petition without prejudice during a hearing before Judge Mallett, raising the specter that his petition for writ of mandate now pending before this court might arguably be moot.

## DISCUSSION

Before considering the merits of defendant's claim, we consider whether withdrawing his section 1170.95 in the trial court renders his writ petition moot. Defendant argues that the present matter is not moot because the issue, which may only be reviewed via writ, may be unreviewable in the future if defendant decides to file a second section 1170.95 petition. Alternatively, he contends that even if moot, the issue is an important public one that is capable of repetition that *may potentially* evade review. He thus urges us to exercise our discretion to address the issue on the merits.

A case is considered moot when "the question addressed was at one time a live issue in the case" but has been deprived of life "because of events occurring after the judicial process was initiated." (*Younger v. Superior Court* (1978) 21 Cal.3d 102, 120.) In determining whether a case is moot on appeal, the "pivotal question" is whether the court can grant an appellant any effectual relief. (*Wilson & Wilson v. City Council v. Redwood City* (2011) 191 Cal.App.4th 1559, 1574.) "When events render a case moot, the court, whether trial or appellate, should generally dismiss it." (*Ibid.*)

4

However, even if an appellate court can no longer provide effective relief, a reviewing court has "discretion to decide otherwise moot cases presenting important issues that are capable of repetition yet tend to evade review." (*Conservatorship of Wendland* (2001) 26 Cal.4th 519, 524, fn. 1 [case that raised important issues about the fundamental rights of incompetent conservatees to privacy and life, and the corresponding limitations on conservators' power to withhold life-sustaining treatment was not dismissed as moot even though conservatee had passed away because case demonstrated such important issues tended to evade review as they typically concerned persons whose health was seriously impaired]; *People v. Alsafar* (2017) 8 Cal.App.5th 880, 883 ["A reviewing court may exercise its inherent discretion to resolve an issue rendered moot by subsequent events if the question to be decided is of continuing public importance and is a question capable of repetition, yet evading review"].)

In this case, we conclude the issue is moot. Defendant's voluntary withdrawal of his section 1170.95 petition without prejudice in the court below necessarily means that Judge Mallett will not issue a ruling on defendant's withdrawn petition or otherwise proceed on the petition in accordance with the procedures set forth in section 1170.95, subdivision (c) as we directed in *Periman II*. (*Periman II, supra*.) Because the section 1170.95 petition in no longer pending before Judge Mallett, we cannot provide defendant with any effectual relief under section 170.6.

While defendant characterizes the interplay between section 1170.95 and section 170.6 as an important public issue capable of repetition, he rightfully acknowledges that it is uncertain whether the issue would actually evade review. We conclude it is unlikely the issue, even if important, is one that would ordinarily evade review.

Notably, the only reason the issue is moot here is because defendant, for reasons unknown from the record before us, *personally chose* to withdraw his section 1170.95 petition. Given the above, we cannot conclude that the issue is likely to escape review if raised by another petitioner, or even if defendant decides to file another section 1170.95

petition.  We thus decline to exercise our discretion to decide the issue and shall dismiss defendant's petition for writ of mandate or prohibition as moot.

DISPOSITION

Defendant's petition for writ of mandate or prohibition is dismissed as moot.

_____

HULL, Acting P.J.

We concur:

_____

DUARTE, J.

_____

EARL, J.